CHARLES WILLIAMS *v.* WILLIAM DUNCAN et al.

1. CHANCERY—JURISDICTION—VENDOR AND VENDEE—MESNE PROFITS—MINOR HEIRS—RESCISSION.—Complainants are minors and heirs at law of J. M. D., deceased, from

whom they inherited considerable lands. Their guardian, A. J. D., under decree of the probate court, sold these lands upon a credit of one, two, and three years, in November, 1860, to T., who went into immediate possession, and received the rents and profits, etc. T. sold and conveyed to J., who afterwards sold and conveyed to defendant, W., the present occupant. T. and J. are both dead, the purchase money remaining unpaid. Complainants filed their bill in chancery to enforce their lien on the land for the purchase money, or else for a rescission of the contract, and for *mesne* profits, etc. Chancery has complete jurisdiction of the case for all purposes; and were there no other ground, the infancy of complainants brings their case within the jurisdiction of a court of equity for all purposes of the bill, including the claim for use and occupation. 4 How., 315; Story's Eq. Jur.

2. FRAUDULENT REPRESENTATION—DECREE THEREON SET ASIDE—NOTICE—PRACTICE.—Where complainants represent to the defendant that they only seek a rescission of the contract and recovery of possession of certain specific lands, and the defendant is advised by his legal counsel that he cannot, at law or equity, retain the land, and relying upon these representations of the complainants, and this advise of counsel, he makes no defense to the suit, and the complainant takes a *pro confesso* against the defendant, whereupon the matter is referred to a master, and who reports an amount of *mesne* profits as due from defendant to complainants, and the report is afterwards confirmed, but no notice appears of the filing of the report, nor of the application for its confirmation, the decree is erroneous, and will be set aside, and the defendant have leave to make his defense to the suit.

Appeal from the chancery court of Pontotoc county. KILPATRICK, J.

The facts sufficiently appear in the opinion of the court.

Appellant assigns the following causes of error:

1st. The court below erred in overruling the demurrer of Wm. Parks, one of the defendants, and in disregarding the same and considering it overruled as of course, because it was not set down at the term after the same was filed, and taking the bill of complainants as confessed as to said defendants.

2d. The court below erred in overruling the motion of defendant, Charles Williams, to set aside *pro confesso* taken against him at rules, and in disregarding the affidavit of said Williams in support of said motion, and in disregarding the demurrer filed by his counsel in court below.

3d. The court below erred in confirming the report of the commissioner as to said defendant, Charles Williams.

4th. The court below erred in rendering a decree against defendants over the answer of R. B. Newsom, guardian *ad litem* of minor defendant.

5th. The court below erred in the final decree, and erred

in rendering judgment against Charles Williams, one of the defendants, for *mesne* profits and costs of suit.

6th. The court below erred in rescinding the contract of sale on final decree and vacating and setting aside guardian's sale.

*John W. Thompson*, for appellant.

The bill was framed with a double aspect. 1st. For the sale of the lands for the payment of the purchase money; or, if this cannot be done, then for a rescission of the contract. Appellant had no connection with the sale of the lands except as a purchaser from A. J. Jones, who had bought a part (200 acres, from B. A. Tardy, the purchaser of all the lands named in the bill, at guardian's sale, made by Andrew J. Duncan, former guardian of complainants.) This sale by Duncan, as to the 200 acres, was totally void for uncertainty of description, title thereto remaining in the complainants, as heirs and distributies of James W. Duncan, deceased. This sale was also void for want of timely report and confirmation. The case was not regularly continued at the December term, 1860, the confirmation having been at March term, 1861. Learned v. Mathews, 40 Miss., 210. The appellant was not a necessary party. 1 Story's Eq. Jur., § 72.

That which is in the nature of a mortgage alone gave jurisdiction in this case, but it does not follow, necessarily, that because a vendor has a lien for the purchase money, to enforce which he can go into equity, he may also insist on that court retaining jurisdiction merely to collect *mesne* profits, where he has a clear legal remedy. 1 Story's Eq. Jur., § 511; 3 How., 380; 8 Vesey, 527; 13 ib., 198; 1 Maddox Ch., 531; 5 Cowen, 580; 4 Kent, 182; Stark v. Mercer, 3 How., 379. The right of plaintiff to recover *mesne* profits depends not upon his possession, but upon his title. 6 Yerger, 467. Complainants ought to have brought ejectment against Williams, and thus he would have been enabled to claim compensation for valuable improvements, and been protected in his lien therefor on the land. Rev. Code, 389, art. 20.

Defendant, Williams, shows by the bill of exceptions, that he was, by the representations of the guardian, Mitchell, (that he would only loose the 200 acres of the land, and would not be liable for *mesne* profits), and being also so advised by his legal counsel, induced to make no defense to said suit, and *pro confesso* was taken against him; that afterwards, when he discovered that complainants were seeking to render him liable for a large amount of *mesne* profits, suits, etc., he then moved the court below to set aside the decree and permit him to make defense, which was refused. At this time the cause was not at issue for the want of service of process on the heirs of Tardy, who were necessary parties. This court will note the fact that the truth of Williams' affidavit on which his motion to set aside was based, is not controverted by counter affidavit of Mitchell, or otherwise, and it shows conclusively that it was the assurances alone of Mitchell, as therein set forth, that induced him, Williams, to neglect to make his defense at a proper time. See Rev. Code, 463, art. 152, as to the guardian lien on property sold, and Mosely et al. v. Wall et al., 33 Miss., 83.

So much of the bill as set out the metes and bounds of the 200 acres is mere fiction, and unsupported by any testimony whatever, and is, therefore, to be considered as a bare, naked assumption. The petition of A. J. Duncan, guardian, etc., simply states that about 200 acres of the land, section 1, township 8, range 2 east, belong to his wards, and prays a sale, etc.

*Geo. L. Potter*, for appellee.

The first error is the refusal to set aside the *pro confesso* on motion, and to allow defendant to answer; but the motion states no ground for the application.

This motion was based on an affidavit stating that he believes he has a meritorious and legal defense to the suit; that complainants, just before the term of the court, took a *pro confesso* at rules, against Williams and others; he was informed, as he understood complainant, by him, that defend-

ant would not be held liable for anything more than the land ; that he would lose that, but have recourse against his vendor or his estate, and would lose nothing but the land ; affiants' legal counsel also advised that he could not hold the land, and, therefore, relying on what he so understood, determined to let the land go. A. J. Jones, who, as the bill states, acquired from B. A. Tardy, who bought from the administrator; which last sale was void. Upon his own purchase, affiant took, and has since held possession, and has made considerable improvements of a substantial nature.

It does not appear that he presented any answer with his application, as he should have done. 1 Barb. Ch. Pr., 367.

It appears that appellant was notified, by the bill itself, that a decree was sought for rents and profits, in case a sale could not be enforced to pay the notes. The affidavit is defective in not designating which of complainants made the statement. The guardian is probably the person referred to, but the statement seems but the expression of an opinion ; but there is no pretense of any assurance that complainants would waive their right to rents in case said sale was void. The report of sale was not made until December term, nor was it confirmed until the ensuing March term ; and thus, it is contended the bill showed the sale was void under the sale affirmed in the Learned case. But he says he has a legal and meritorious defense ; that the guardian's sale was void. If so, complainants were entitled to the lands. He admits he has occupied the lands of infants, and that they have the very remedy in equity, given to them in this case. Carmichael v. Hunter, 4 How. (Miss.), 315 ; Nelson v. Allen & Harris, 1 Yerger., 373 ; 1 Story Eq., § 511.

2d. The second error alleged is that appellant is decreed to pay the rents. This is based on the supposed want of jurisdiction in such case, and it has aready been answered. The infancy of complainant settles the matter.

3d. Lastly, it is objected that the court received and allowed the report of the commissioner to whom it was referred to ascertain amount due for rent. There was a formal order of

reference, and regular report made, upon notice to Williams, which report was duly confirmed. No objections were taken before the commissioner, nor any exception filed to the report.

The *pro confesso* against Williams was not dependent, at all, upon the prior service of process against the other defendants.

The bill of exceptions shows that certain of the probate records were introduced to show the guardian's sale was void. As Williams, with the *pro confesso* against him, could not offer such proof, it is presumed that it was offered by the defendants, who had answered.

Williams being in possession, and liable, was a proper party to the suit; he was sub-vendee of the lands, and directly interested in the suit.

TARBELL, J.:

In 1866, William Duncan and Josephine Duncan, by their guardian, O. G. Mitchell, filed in the chancery court of Pontotoc county, their bill of complaint against Charles Williams and others, setting forth that complainants are minors and sole heirs of James M. Duncan, deceased; that, as such heirs, they inherited several tracts of land particularly mentioned in the bill, which lands were sold by their guardian, Andrew J. Duncan, since deceased, to one B. A. Tardy, in November, 1860, himself also, since deceased, for $3,486, secured by three several bills single executed by B. A. Tardy, J. C. Allen, and A. J. Jones, payable in twelve, twenty-four and thirty-six months, from November 3d, 1860, for $1,162, each, with interest at eight per cent.; that these lands were sold pursuant to a decree of the probate court of Pontotoc county, entered and made at the September term, 1860; that the report of sale was made to the December term, 1860, and confirmed at the March term, 1861; that B. A. Tardy, upon his purchase, went immediately into possession of these lands and received the rents and profits thereof; that he subsequently sold and conveyed to A. J. Jones, who afterwards sold and conveyed to

defendant, Charles Williams, who is the present occupant; that both Tardy and Jones have since deceased; that the whole of the purchase money remains unpaid; that the title conveyed by the guardian is believed to be perfect, except for purchase money; that the sale was made in good faith, and that it is for the interest of complainants that the sale should be completed by the payment of the purchase money.

The heirs and representatives of Tardy and Jones are named, as defendants and complainants, offer to do and perform any act on their part, with the consent of the court, to perfect the contract and title.

The bill prays for a sale of the lands to pay the purchase money, or that the contract be rescinded, and an account taken of the rents, issues and profits; that the heirs and representatives of Tardy and Jones, deceased, be made parties, with a prayer for general relief, etc.

The parties appear to have been brought regularly before the court. Parks, administrator of Tardy, deceased, at the October term, 1864, of the court below, filed a demurrer to the bill; at the April term, 1867, this demurrer came on to be heard and was continued by consent; and at the October term, 1867, a judgment *pro confesso* was taken as to all the defendants, including defendant Parks, in disregard of his demurrer; at the April term, 1868, the defendant, Williams, entered a motion to set aside this judgment as to himself and for leave to appear and defend, which motion was at the same term overruled.

Upon the hearning of this motion, defendant Williams read an affidavit by himself, stating that " he has a meritorious and legal defense " in this case " as he is informed and believes," and that " affiant was informed, as he understood complainant, by him, that he, defendant, would not be held liable for anything more than the land; that defendant would lose that, but would have recourse over and against A. J. Jones, and that he would lose nothing but the land. Affiant also consulted John W. Thompson as an attorney of this court as to whether he could hold the land or

not, and was informed that in the opinion of his attorney he could not keep the land as against the heirs of James W. Duncan, deceased;" that "therefore, relying on what he understood complainant to state, and the legal opinion of J. W. Thompson, as above stated, affiant determined to let the land go;" that "affiant bought the land of A. J. Jones, in good faith, and paid $3,200 in cash for it, and took a deed, and has owned it ever since, and made considerable improvements of a substantial nature."

At the October term, 1868, William P. Spencer was appointed by the court, a commissioner to take and state an account of the rents, issues and profits of the land in controversy. The report of the commissioner was made to the court, and confirmed at the same term, October, 1868. The defendants did not appear upon the hearing before the commissioner, and the proof of service of notice of time and place of hearing, is wholly unsatisfactory and insufficient. The commissioner reported upwards of two thousand dollars for rents, issues and profits due from defendant Williams.

The proceedings in the probate court upon the sale of these lands are given entire, from which it is evident the contract cannot be executed specifically in its entirety, because of the uncertainty of the description of the two hundred acres, which cannot be identified, nor in any way ascertained from the records, being described only as "200 acres of section 1, township 8, range 2, east."

The final decree in this case was made at the October term, 1869, by which the contract of sale is rescinded, the defendant Williams is decreed to be indebted to the complainants for use and occupation in the sum of two thousand and twelve dollars, and the defendants jointly, are decreed to pay the costs. No notice appears of filing the report of the commissioners, nor of application for its confirmation, nor were exceptions filed thereto by defendants or either of them. From this decree the defendant, Williams, appeals to this court, and assigns the following as causes of error:

. 1st. The refusal to set aside the judgment *pro confesso.*

2d. In rendering a personal decree against him for *mesne* profits.

3d. The reception and allowance of the report of the commissioners.

The jurisdiction in this case is complete for all purposes. If there were no other reason, the infancy of the complainants brings the case within the jurisdiction of a court of equity, for all the purposes of this bill, including the claim for use and occupation. Carmichael v. Hunter, 4 How., 315 ; Story's Eq. Jur.

It is altogether probable, from the records of the probate court presented with this bill, that the only proper disposition of this case is to rescind the sale; yet, upon the affidavit of defendant, Williams, of a meritorious defense, which he wa induced to forego upon the representations of complainant, on which he relied, that no claim would be made, further than a recovery of the lands, we are disposed to afford this defendant an opportunity to be heard.

Several errors appear in the record and proceedings; but defendant failed to take the steps necessary to avail himself of them here. The proof of service of subpœna to answer the bill, and notice of taking the account of the rents, were wholly insufficient, but they are not now available, and are but technicalities at best. The decree *pro confesso* against Parks, while his demurrer was pending undetermined, appears to have been improper, but he is not a party to this appeal. The damages awarded in the way of rents for use and occupation, seem to us to be excessive. It will do no harm to review this branch of the case, and it may be that the defendant has meritorious claims for valuable improvements; but whether the case is a proper one for their allowance, we express no opinion.

It seems to us, also, that others than the defendant, Williams, ought to pay the costs, which, by the great number of *alias* and *pluries subpœnas* to several counties, to bring in numerous heirs and representatives of deceased parties, must be very large. This point may well be reviewed, also, by

the court below.   The defendant appears to be an innocent, though not technically, perhaps, a *bona fide* purchaser of these lands, and entitled to favorable consideration, dependent upon the developments of a hearing.

Judging by the record before us, the defendant has acted, at least, honestly, having confidingly paid the purchase price of these lands, and has, therefore, a claim to such favor as the facts and the rules of equity may warrant, as well against his co-defendants as against complainants.

The power of the court to set aside judgments *pro confesso*, is unquestionable, Daniel's Ch. Pr., 509, 1015, 1045, and is frequently exercised.   So, also, the refusal to open such a decree is the subject of review by the appellate court. Relief is a matter of sound discretion, to be afforded in the furtherance of justice, when justified by the special circumstances of the particular case.   Conceiving this to be such a case, the final decree, and judgment *pro confesso*, against defendant, Williams, are reversed and set aside, with leave to him to appear and plead within forty days.